UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL MURPHY,

          Plaintiff,

v.

VAIVE WOOD PRODUCTS CO.,

          Defendant.

Case No. 2:17-cv-11513

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR JUDGMENT NOTWITHSTANDING THE
VERDICT [35], DENYING DEFENDANT'S MOTION FOR A
NEW TRIAL [36], AND GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT [37]**

On July 19, 2018, a jury entered a verdict in favor of Plaintiff Crystal Murphy. ECF 31. The Court entered judgment. ECF 33. On August 16, 2018, Defendant Vaive Wood Products Co. ("Vaive") filed three post-judgment motions: (1) a motion for judgment notwithstanding the verdict, ECF 35; (2) a motion for a new trial, ECF 36; and (3) a motion to alter or amend the judgment, ECF 37. The Court has reviewed the briefs and finds that a hearing is unnecessary. For the reasons below, the Court will deny Vaive's motions for judgment notwithstanding the verdict and for new trial and will grant in part Vaive's motion to alter or amend the judgment.

## BACKGROUND

Plaintiff worked for Vaive from October 2015 until August 2016. ECF 17, PgID 326, 330. Plaintiff alleged that her coworkers subjected her to multiple incidents of harassing conduct beginning in February 2016. *Id.* at 327–30 (order on Vaive's motion

1

for summary judgment detailing Plaintiff's allegations). In August 2016, Vaive terminated Plaintiff's employment. *Id.* at 330.

Plaintiff sued and alleged that Vaive (1) tolerated and promoted a hostile work environment of severe and pervasive sexual harassment and (2) terminated her employment for complaining about sexual harassment in the workplace. *See* ECF 1. After discovery closed, Vaive filed a motion for summary judgment. ECF 13. On April 17, 2018, the Court held a hearing on the motion.

The Court granted Vaive's motion for summary judgment on Plaintiff's retaliatory-termination claim but denied summary judgment on Plaintiff's hostile-work-environment claim. *See* ECF 17. In particular, the Court found that there was a genuine dispute of material fact regarding whether Plaintiff satisfied the second element of the prima facie case of a hostile-work-environment claim. *Id.* at 332. The Court noted the "paucity of verified facts besides [various] deposition testimony" and the "inconsistency and scarcity" of Plaintiff's allegations. *Id.* at 333. The Court refrained, however, from weighing the evidence or making credibility determinations. *Id.*

Trial in the case commenced on July 18, 2018 and concluded the following day. Plaintiff testified on own her behalf, and Vaive called several witnesses. After deliberating, the jury delivered a verdict in favor of Plaintiff and awarded her $10,000 in damages for emotional distress. ECF 31, PgID 433–36.

**STANDARD OF REVIEW**

I.      Motion for Judgment Notwithstanding the Verdict

A federal court resolves a motion for judgment notwithstanding the verdict under Rule 50(b) pursuant to the Rule 56 standard. *White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789, 794 (6th Cir. 2004) (citation omitted). A jury verdict is affirmed unless there was no legally sufficient evidentiary basis for a reasonable jury to find for the prevailing party. *See* Fed. R. Civ. P. 50(a).[1] Courts review the evidence "in the light most favorable to the nonmoving party and determine whether there was a genuine issue of material fact for the jury." *White*, 364 F.3d at 794 (quoting *Gray v. Toshiba Am. Consumer Prods., Inc.*, 263 F.3d 595, 598 (6th Cir. 2001)). Courts thus "draw all reasonable inferences in favor of the prevailing party" and "do not make any credibility determinations or weigh the evidence." *Id.* (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

II.      Motion for a New Trial

On motion of a party, a federal court may grant a new trial for any reason for which a federal court has previously granted a new trial. Fed. R. Civ. P. 59(a)(1)(A). A new trial may be granted if "the jury reaches a 'seriously erroneous result as evidenced by (1) the verdict being against the clear weight of evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some

---

[1] Rule 50(a) provides the standard for analyzing a Rule 50(b) motion because Rule 50(b) is a procedural mechanism to renew a Rule 50(a) motion for judgment as a matter of law after a jury verdict and entry of judgment. *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 399–400 (2006).

fashion, i.e., the proceedings being influenced by prejudice or bias.'" *Cummins v. BIC USA, Inc.*, 727 F.3d 506, 509 (6th Cir. 2013) (quoting *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 697 F.3d 387, 414 (6th Cir. 2012)).

A verdict is against the clear weight of evidence only if the verdict was unreasonable. *See Barnes v. Owens-Corning, Fiberglas Corp.*, 201 F.3d 815, 820–21 (6th Cir. 2000) (citation omitted). "[I]f a reasonable juror could reach the challenged verdict, a new trial is improper." *Id.* at 821. To make the determination, a court "must compare the opposing proofs, weigh the evidence, and set aside the verdict only if it determines that the verdict is against the clear weight of the evidence." *United States v. L.E. Cooke Co.*, 991 F.2d 336, 343 (6th Cir. 1993) (citing *Woodbridge v. Dahlberg*, 954 F.2d 1231, 1234 (6th Cir. 1992)).

III.    Motion to Alter or Amend Judgment

A federal court may grant a Rule 59(e) motion to alter or amend a judgment if there was: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

"To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 617 (6th Cir. 2010) (quoting *GenCorp,* 178 F.3d at 834). The Court has determined evidence was previously available—and thus insufficient to warrant an amended judgment—if it "could have been previously submitted in the exercise of

reasonable diligence[.]" *Hurst v. Fed. Nat'l Mortg. Ass'n*, No. 14-CV-10942, 2015 WL 1757225, at *1 (E.D. Mich. Apr. 17, 2015) (quoting *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000)).

## DISCUSSION

I.  <u>Motion for Judgment Notwithstanding the Verdict</u>

Vaive argues that a reasonable jury could not have found for Plaintiff because Plaintiff failed to establish multiple elements of her hostile-work-environment claim and failed to rebut Vaive's affirmative defenses.

*A. Plaintiff's Claim*

To satisfy her burden of proof, Plaintiff had to prove the elements of her claim by a preponderance of the evidence, which means "that it [was] more likely than not that a proposition [was] true." ECF 29, PgID 421 (jointly-filed jury instructions); *see also id.* at 422 (listing elements of her claim). Vaive contends that Plaintiff failed to show that she was subjected to unwelcome sexual harassment, failed to show that the harassment altered her conditions of employment, and failed to provide evidence to establish that Vaive's managerial personnel knew of the harassment but did not respond adequately. ECF 35, PgID 457 (citing *Fenton v. HiSAN, Inc.*, 174 F.3d 827, 829–30 (6th Cir. 1999) (listing elements of hostile work environment prima facie case)).

1. Unwelcome Harassment.

Vaive argues that Plaintiff introduced only her own testimony regarding the sexual harassment and that the testimony was "vague, contradictory, and at times entirely untruthful." ECF 35, PgID 457.[2] Vaive directs the Court to Plaintiff's testimony that she was both afraid of and tried to be friends with Jason Moran. *Id.* at 458. Vaive's argument amounts to an assertion that Plaintiff's inconsistency impeaches her credibility. The jury found otherwise, and the Court may not make credibility determinations when considering a motion for judgment notwithstanding the verdict.

Vaive further maintains that Plaintiff provided insufficient evidence because her other allegations lacked "enough detail to support . . . [her] sexual harassment claim." *Id.* Plaintiff testified that Mr. Ivory grabbed her between the legs, unknown coworkers walked behind her with a "wide load" sign, another coworker solicited her for sex on multiple occasions, and coworkers made repeated sexual comments.

Vaive draws a distinction between credible and sufficient evidence and argues that Plaintiff failed to provide sufficient evidence because her allegations lacked "consistency and detail[.]" *Id.* at 459. But Plaintiff's prima facie testimony, if taken in the light most favorable to Plaintiff, is sufficient for a reasonable jury to find that Plaintiff was more likely than not subjected to unwelcome harassment.

---

[2] Vaive neither requested nor cited to trial transcripts to support its motions. Rather, it relied upon its and the Court's recollection of the testimony presented. Vaive did state its belief that the motions were "properly filed since the Court personally witnessed the evidence entered into the record at trial," but offered to supplement its briefings with citations to the Court. *See, e.g.* ECF 42, PgID 821.

## 2. Hostile or Abusive Harassment.

Vaive maintains that Plaintiff's testimony was insufficient to support a finding that her work environment was hostile or abusive. *Id.* at 460. Vaive argues that Plaintiff represented that her "harassment was *de facto* severe and pervasive, with no independent, reliable evidence regarding the frequency, or how it changed her working environment[.]" *Id.* at 461. The frequency of conduct, its severity, whether the conduct is physically threatening or humiliating, and whether it interferes with an employee's performance are all factors weighing on whether harassment is hostile or abusive. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

Plaintiff testified to multiple instances of harassment but could not provide specific details or estimate the number of times certain events happened. She testified that Mr. Ivory grabbed her between the legs. She testified that someone told her that she would "choke on his dick." ECF 35, PgID 460–61. A reasonable jury could find those allegations to be severe, physically threatening or humiliating, or too frequent.[3] Plaintiff's testimony, if taken in the light most favorable to her, is sufficient for a reasonable jury to find that more likely than not Plaintiff's work environment was hostile or abusive.

---

[3] Vaive argues that "Plaintiff did not provide any testimony that the alleged harassment changed her working conditions." *Id.* at 461 (emphasis in original). That factor is not dispositive, but one among others that courts consider in the hostile or abusive work environment analysis. Moreover, based on Plaintiff's allegations, a reasonable jury could reasonably infer that Plaintiff's coworkers' conduct altered the conditions of employment. Plaintiff did not need to quit her job to show that her work conditions were hostile or abusive. *See id.* (arguing the insufficiency of Plaintiff's argument because "[i]n fact, Plaintiff continued working at Vaive until she was laid off").

### 3. Vicarious Liability

To be vicariously liable, Plaintiff had to demonstrate that Vaive knew, or should have known, of the harassment and that Vaive failed to take appropriate remedial action.

Vaive argues that Plaintiff's "generalized assertions that she informed her supervisors of allegations of harassment every time they occurred" were insufficient to establish that Vaive's management knew or should have known of the harassing conduct. *Id.* at 461. In addition to Plaintiff's testimony, the parties jointly entered Plaintiff's letter complaining of harassment to Vaive management. Mr. Scroggs, Vaive's Vice President, testified that he was unaware of any incidents involving Plaintiff other than her allegation that Mr. Ivory grabbed her between the legs. *Id.* at 462.[4] Based on the competing testimonies of Plaintiff and Mr. Scroggs, a reasonable jury could find that Plaintiff reported each incident of harassment.

According to Vaive, after Plaintiff complained of Mr. Ivory touching her, Vaive sent him home and then Plaintiff's managers routinely checked to make sure she was okay. *See id.* On direct-examination, however, Mr. Ivory testified that he had never been disciplined in any way while working at Vaive. Based on the foregoing evidence, taking the evidence in the light most favorable to the Plaintiff, a reasonable jury could find that Vaive failed to take appropriate remedial action and that Plaintiff satisfied her prima facie case.

---

[4] He also apparently testified that other Vaive management personnel were not aware of any other allegations, but that evidence is speculative and inadmissible hearsay. *See* ECF 35, PgID 462.

*B. Vaive's Defenses*

Vaive then had to prove its affirmative defenses by a preponderance of the evidence. Particularly, Vaive was required to demonstrate that (1) it took reasonable care to prevent harassment and (2) Plaintiff unreasonably failed to avail herself of Vaive's harassment-prevention and correction policy. ECF 29, PgID 423. But Vaive's argument fails to acknowledge that Plaintiff testified at trial that she repeatedly notified her supervisors of all incidents of harassment. She further testified that all but one of these allegations went unaddressed. And Mr. Ivory testified that Vaive never disciplined him for his alleged touching of Plaintiff.

Plaintiff did testify that her supervisors would check in on her to make sure she was okay. Moreover, unrebutted record evidence shows that Vaive adopted an anti-harassment policy and that all Vaive employees were required to read it.

Vaive avers that Plaintiff's "blanket allegation that she reported all harassment" to her supervisors is insufficient because "she could not recall when or what she told her supervisors regarding the alleged harassment." ECF 35, PgID 465.

When taking all evidence in the light most favorable to Plaintiff, a reasonable jury could decide that Vaive failed to show by a preponderance of the evidence that Plaintiff did not avail herself of a reporting procedure or that Vaive took reasonable care to respond to Plaintiff's concerns.

*C. Conclusion*

Vaive's arguments conflate the sufficiency of evidence and the credibility of it. As the joint jury instructions stated, the jury had to "determine which witnesses to

believe and what weight to give their testimony." ECF 29, PgID 418. The jury had to consider "each witness's ability and opportunity to observe, his or her memory, manner while testifying, any interest, bias, or prejudice, and the reasonableness of the testimony considered in the light of all the evidence." *Id.* Whether Plaintiff's testimony provided consistent specifics about her coworkers' misconduct or her reports to her supervisors goes to the heart of whether she is credible and not the sufficiency of her testimony to support the jury's verdict.

Taking the evidence and drawing all reasonable inferences in favor of Plaintiff, there was a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff. The Court will therefore deny Vaive's motion for judgment notwithstanding the verdict.

II.     Motion for a New Trial

Vaive argues that the jury's verdict is against the clear weight of the evidence, that Plaintiff's counsel's violation of the "Golden Rule" prohibition prejudiced Vaive, and that newly-discovered evidence warrants a new trial. ECF 36.

*A. Weight of the Evidence*

Vaive renews its argument that Plaintiff's "contradictory and inconsistent testimony[] demonstrates that the verdict was against the clear weight of the evidence and a reasonable juror could not have found in favor of Plaintiff." *Id.* at 597. Vaive's argument rests upon the same testimony as its motion for judgment notwithstanding the verdict. *Compare* ECF 36, PgID 580–587 *with* ECF 35, PgID 448–455.

Comparing the proofs and weighing the evidence does not justify setting aside the jury's verdict. Although Plaintiff failed to provide specifics for many of her allegations of harassment, she testified that Mr. Ivory grabbed her between the legs, that coworkers carried a "wide load" sign behind her, and that a coworker propositioned her for sex.[5]

She further testified that she was afraid of Mr. Moran, but that she also sought to be friendly with him. Vaive characterizes this testimony as "a lie," but it is possible to both be afraid of a coworker and still try to make the best of the situation. Vaive rebutted Plaintiff's testimony with other Vaive employees, which created a he-said, she-said dynamic during trial. The evidence in the case was not so clearly in Vaive's favor that no "reasonable juror could [have] reach[ed] the challenged verdict[.]" *Barnes*, 201 F.3d at 821. A new trial on the basis of the weight of the evidence is therefore not appropriate.

### B. Prohibition on "Golden Rule" Arguments

The prohibition on "Golden Rule" arguments prohibits an attorney from suggesting that "jurors place themselves" in a party's shoes. *Johnson v. Howard*, 24 F. App'x 480, 487 (6th Cir. 2001). The Golden Rule prohibition aims to protect against jurors basing their decision on "bias and prejudice rather than consideration of the facts." *Id.* (citing *Lovett v. Union Pac. R.R. Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000)). Courts set aside a jury's verdict after a violation of the Golden Rule prohibition if

---

[5] At trial she testified that the man who propositioned her for sex was named "Pep," whereas her responses to interrogatories named him "Gilbert." ECF 36-17, PgID 676.

"there is a reasonable probability that the verdict was influenced by those arguments." *Bridgeport Music, Inc. v. Justin Combs Publ'g*, 507 F.3d 470, 478 (6th Cir. 2007) (quotation omitted). To gauge whether it is reasonably probable that a comment influenced a jury verdict, courts consider "the totality of the circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, and the manner in which the parties and court treated the comments" among other factors. *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 756 (6th Cir. 1980). A violation of the Golden Rule prohibition may require a new trial if, given the totality of the circumstances, "the improper statement was made with the purpose of inflaming jury prejudice." *Mich. First Credit Union v. Cumis Ins. Soc., Inc.*, 641 F.3d 240, 249 (6th Cir. 2011).

Vaive avers that during closing arguments Plaintiff's counsel violated the Golden Rule prohibition twice: once by asking the jury to step into Plaintiff's shoes and again by asking the women of the jury to step into the Plaintiff's shoes. ECF 36, PgID 591.[6] Vaive takes particular umbrage with Plaintiff's counsel's second violation of the Golden Rule prohibition. And rightfully so.

But, in the totality of the circumstances, the Court cannot say that there is a reasonable probability that the verdict was influenced by Plaintiff's counsel's violation of the Golden Rule prohibition. Given the nature of the comments and their relevancy to the Plaintiff's claims, there is some concern about jury prejudice.

---

[6] Here, a citation to a trial transcript would have been most helpful to the Court.

But other considerations favor maintaining the jury verdict. First, defense counsel did not object during the closing, so nothing drew the jury's attention to the comments as problematic. The Court conducted a sidebar with the parties after closing arguments and defense counsel voiced his concern with the comments. The Court addressed Vaive's particular concern during jury instructions by reminding the jury to not place themselves in the position of any party, but to consider all the evidence presented.

Second, the parties' jointly-submitted jury instructions cured any prejudice arising from an improper argument. *See, e.g. Cumis*, 641 F.3d at 249–50 (collecting cases). The Court instructed the jurors as follows: "[s]ympathy must not influence your decision;" "[t]he lawyers' statements and arguments are not evidence;" and "consider all the evidence in the light of your own general knowledge and experience in the affairs of life[.]" ECF 29, PgID 409, 411, and 416. Given the totality of the circumstances, the jury instructions cured any prejudice arising from Plaintiff's counsel's comments, and thus his violation of the Golden Rule prohibition does not justify a new trial.

### C. Newly-Discovered Evidence

Finally, Vaive argues that Plaintiff's "failure to disclose the six-year litigation involving her parental rights as to her children was <u>unfair</u> to Vaive" and thus warrants a new trial. ECF 43, PgID 826 (emphasis in original).

As a preliminary matter, the parties dispute what constitutes newly-discovered evidence. Plaintiff argues that newly-discovered evidence "must have been

previously unavailable." *GenCorp, Inc.*, 178 F.3d at 834. Vaive argues that the correct standard for a Rule 59(a) motion is that the evidence must not have been discoverable "in the exercise of reasonable diligence." *Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 256 (E.D. Mich. 1997)). The case Vaive cites, however, applies to Rule 59(e) motions. *See id.* Vaive thus engages in the error that it accuses Plaintiff of committing. *See* ECF 43, PgID 826 (arguing Plaintiff's response cites the standard under Rule 59(e), not Rule 59(a)).

Even if evidence of Plaintiff's litigation history constituted newly-discovered evidence, the evidence is insufficient to require a new trial. Vaive notes that the evidence is important "for the purposes of Plaintiff's alleged emotional distress[.]" ECF 36, PgID 600. Although the non-disclosure may affect the calculation of damages—as discussed *infra*. Part III.B.—it did not infect the trial in such a way that the whole proceeding was "unfair to the moving party[.]" *Cummins*, 727 F.3d at 509. The newly-discovered evidence does not justify a new trial. The Court will therefore deny Vaive's motion for a new trial.

III.    Motion to Alter or Amend Judgment

Vaive seeks to alter or amend the judgment based on either a clear error of law or newly-discovered evidence. *See* ECF 37, PgID 734. The Court will address each basis in turn.

*A. Clear Error of Law*

Vaive argues that there was a clear error of law because Plaintiff "failed to produce sufficient evidence to support her claims for emotional distress." ECF 37,

PgID 734.[7] Emotional distress damages "must be proven by 'competent evidence.'" *Turic v. Holland Hosp., Inc.*, 85 F.3d 1211, 1215 (6th Cir. 1996) (quoting *Carey v. Piphus*, 435 U.S. 247, 264 n.20 (1978)). Competent evidence includes a showing of "the nature and circumstances of the wrong and its effect on the plaintiff." *Carey*, 435 U.S. at 264.

Here, Plaintiff testified to the nature of the circumstances of the harassment and further testified that the harassment resulted in the following harms: (1) a general fear of men, ECF 37, PgID 730; (2) a deterioration of her relationship with her children, *id.* at 731; and (3) an inability to attend narcotics-anonymous meetings requiring interactions with men, *id.* at 733. Plaintiff asserts that she also testified that "she stays in her room and cries all day." ECF 41, PgID 813.

Vaive represents that Plaintiff also testified that, after her termination at Vaive, she worked with men and served men. ECF 37, PgID 730. Vaive further maintains that Plaintiff "contradicted herself on cross examination, stating that she discussed the alleged harassment at Vaive at her narcotics anonymous meetings." *Id.* at 733.[8]

---

[7] It is unclear whether Vaive's argument truly presents a "clear error of law" question because it does not identify a legal ruling made by the Court that was in error. Nevertheless, out of an abundance of caution, the Court will address Vaive's argument under the applicable standard.

[8] Whether Plaintiff's testimony is credible given her contradictory testimony does not relate to whether there was a clear error of law because credibility determinations are an issue of fact for the jury. *See United States v. Schultz*, 855 F.2d 1217, 1221 (6th Cir. 1988) ("Witness credibility is solely within the province of the jury.").

Vaive argues that Plaintiff's testimony falls short of the showing required by *Carey* and directs the Court's attention to two Sixth Circuit cases in which the Sixth Circuit found that a plaintiff failed to make the proper showing of emotional distress. *See id.* at 734–36. Each case is readily distinguishable from Plaintiff's case.

First, in *Erebia*, the plaintiff testified only "that he was 'highly upset' about the [racial] slurs and that 'you can only take so much.'" *Erebia v. Chrysler Plastic Prods. Corp.*, 772 F.2d 1250, 1259 (6th Cir. 1985). The Sixth Circuit remanded to the district court for an entry of judgment for nominal damages. *Id.*

Second, in *Betts*, one plaintiff testified that she was "'upset' and 'disappointed' that she had lost her job," that she considered the racism she faced "a smack in the face," and that she asked "[h]ow many times are you going to smack me in the face before I stand up and make a stand?" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 471–72 (6th Cir. 2009). The Sixth Circuit reversed because the plaintiff's "generalized comments are not sufficient to support an award of emotional distress[.]" *Id.* at 473.

Plaintiff's testimony exceeds the *Erebia* and *Betts*' plaintiffs' minimal testimony of generalized emotions. She testified to at least three specific ways in which the harassment at Vaive caused her emotional distress. Her testimony was more complete than that presented in *Erebia* or *Betts* and satisfied *Carey*'s competent-evidence requirement for a showing of emotional damages. There was no clear error of law justifying an amended judgment.

B. Newly-Discovered Evidence

Vaive maintains that the discovery of a parental-rights case from probate court provides "additional evidence" that would have impacted the jury's consideration of Plaintiff's claim of emotional distress. ECF 37, PgID 736–37. Newly-discovered evidence is evidence that could not have been discovered through reasonable diligence. *See Hurst*, 2015 WL 1757225, at *1.

Plaintiff failed to disclose the probate case during her deposition. *See* ECF 37-2, PgID 745–46 (Plaintiff's deposition transcript showing she talked about a civil case involving a car accident, a criminal case for the use of opiates, but no other cases). Plaintiff does not dispute her failure to disclose the information but argues only that Vaive failed to show that the probate case was "unavailable or could not have been obtained through due diligence prior to the trial and the jury's verdict." ECF 41, PgID 813.

The Court finds that the probate case was not previously available because it could not have been discovered through reasonable diligence. First, the full records are not available online. *See* St. Clair County Court Records Search, http://www.stclaircounty.org/dcs/search.aspx (search: "Murphy" for last name and "Crystal" for first name).[9] Rather, the searches reveal a case caption and minimal identifying information.

---

[9] Plaintiff argues that the case is "entirely [a] matter[] of public record, obtainable . . . through Pacer from Macomb County Circuit Court records." ECF 40, PgID 803. But Plaintiff's argument overstates the availability of the records and proves the point that a reasonable attorney would have difficulty deciding which county to search for public records because the case was in St. Clair County and not Macomb County.

Second, even if the records were available online, reasonable diligence would not have led an attorney to the information. Defense counsel would have needed to identify the county in which a proceeding occurred and the type of proceeding (probate, civil, or otherwise). There is no reason to think that reasonable research would have revealed the probate case.

Third, and most importantly, not considering the probate case would allow Plaintiff to benefit from her own wrongdoing. While under oath at her deposition, Plaintiff testified that she had been involved in only two court cases. *See* ECF 37-2, PgID 743 (verifying oath), 745–46 (testimony regarding litigation history). Plaintiff had a hearing in the probate case on September 5, 2017 and Vaive deposed her on December 27, 2017. *Compare* ECF 37-5, PgID 777 (listing date for probate court hearing) *with* ECF 37-2, PgID 743 (listing date for deposition). It is highly improbable that in the course of three and one-half months Plaintiff forgot about a more than six-year long probate proceeding. Had Plaintiff disclosed that she was party to a probate case in St. Clair County—or even that she had been a party to a certain number of cases in specific counties—then, perhaps, a reasonably diligent attorney would have uncovered the probate case. It was not unreasonable for Vaive to rely upon Plaintiff's sworn deposition testimony and to not conduct further research into her litigation history.

The Court therefore finds that Vaive could not have discovered the probate case with reasonable diligence and thus the probate case constitutes "newly-discovered evidence."[10]

Having found that the probate case is newly-discovered evidence, the Court must now consider whether the evidence justifies an alteration or amendment of the judgment. It does.

The probate case reveals that Plaintiff lost custody of her children for nearly six years. Vaive argues that Plaintiff's relationship with her children is "strained due to the six years her children were wards of the court and placed in foster care[.]" ECF 37, PgID 737. Because Plaintiff concealed the case during her deposition, the Court is unable to determine whether her children actually feel that way, but the reasonable inference is that six years in foster care would impact children's relationships with a parent. Nevertheless, it is possible—as Plaintiff testified—that her experience of harassment at Vaive also impacted her relationship with her children.

Vaive asks the Court to reduce Plaintiff's award to nominal damages of $1.00. *Id.* But Plaintiff did testify that she suffered emotional distress because she cried all day, could not interact with men, and had a strained relationship with her children. The jury decided that the combination of these reasons justified $10,000 in relief. The

---

[10] Even if the probate case were not newly-discovered evidence, however, the Court would consider it to prevent manifest injustice because Plaintiff's relationship to her children helped undergird her claim for damages in this case and the probate case relates directly to the efficacy of her damages argument.

newly-discovered evidence mitigates the strength of portions of Plaintiff's testimony. The Court will therefore reduce her award to $6,700.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for judgment notwithstanding the verdict [35] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for new trial [36] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to amend the judgment [37] is **GRANTED IN PART AND DENIED IN PART**.

The Court will enter an amended judgment separately.

**SO ORDERED.**


s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 7, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 7, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager